**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
CASE NUMBER:**

| | |
|---|---|
| Builders Mutual Insurance Company,<br><br>                                        Plaintiff,<br><br>        v.<br><br>Donnie H. Stewart d/b/a Stewart Construction of S.C., Stewart Construction, Inc. of South Carolina, Donnie H. Stewart, Inc., Seamasters Owners Association, Inc., and A Place At The Beach Ocean Front II Condos,<br><br>                                        Defendants. | **COMPLAINT**<br>**(Declaratory Judgment)**<br>**(Non-Jury)** |

The Plaintiff seeks declaratory relief to determine the rights of the parties. Plaintiff, Builders Mutual Insurance Company ("Builders Mutual"), complaining of the Defendants above-captioned, would respectfully allege and show as follows:

## JURISDICTION

1.      The Plaintiff is an insurance company organized and existing under the laws of the State of North Carolina with its principal place of business in North Carolina; the Plaintiff is authorized to transact business and write insurance policies in the State of South Carolina.

2.      Upon information and belief, Defendant Donnie H. Stewart d/b/a Stewart Construction of S.C. is an entity organized and existing under the laws of the State of South Carolina with its principal place of business in Horry County, South Carolina.

3.      Upon information and belief, Defendant Stewart Construction, Inc. of South Carolina is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in Horry County, South Carolina.

4.      Upon information and belief, Defendant Donnie H. Stewart, Inc. is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in Horry County, South Carolina.

5.      Upon information and belief, Defendant Seamasters Owners Association, Inc. is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in Horry County, South Carolina.

6.      Upon information and belief, Defendant A Place At The Beach Ocean Front II Condos is a non-profit entity organized and existing under the laws of the State of South Carolina with its principal place of business in Horry County, South Carolina

7.      This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and Rule 57, Fed. R. Civ. P.; there is a real and justiciable controversy between the parties, and by these proceedings Builders Mutual asks this Court to inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

8.      The amount in controversy exceeds Seventy Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter under 28 U.S.C. §1332(a)(1).

### FACTUAL ALLEGATIONS

9.      Plaintiff issued commercial general liability policy number CPP 0010783 to "Donnie H. Stewart d/b/a Stewart Construction of S.C" (named insured).  The policy incepted on May 9, 2002 and was renewed annually through May 9, 2008.

10.     Upon information and belief, the named insured on the policy does not appear to be either Stewart Construction, Inc. of South Carolina or Donnie H. Stewart, Inc.   Stewart

Construction, Inc. of South Carolina is an entity separate and apart from Defendant Donnie H. Stewart, Inc.  However, neither of these entities are named in the policy.

11.    Donnie H. Stewart, Inc. is not listed as either a named insured or an additional insured on policy number CPP 0010783.

12.    Policy number CPP 0010783 insured the named insured for certain risks under the insuring agreement, and excluded certain risks through policy exclusions.  Plaintiff craves reference to this policy for all of the terms, conditions, and provisions therein and incorporates them by reference herein.

13.    The policy issued to the named insured by Plaintiff only covers "property damage" caused by an "occurrence," as those terms are defined by the policy.  The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  The policy defines "property damage" as "[p]hysical injury to tangible property," including loss of use.

14.    The policy issued to the named insured by Plaintiff contains exclusion k., entitled "Damage to Your Product," which excludes from coverage "'Property damage' to 'your product' arising out of it or any part of it."

15.    The policy issued to the named insured by Plaintiff contains exclusion l., entitled "Damage to Your Work," which excludes from coverage "'Property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'" An endorsement removes the exception for work performed by subcontractors.

16.    The policy issued to the named insured by Plaintiff contains exclusion m., which excludes from coverage "property damage" to "impaired property'" or property that has not been

physically injured that arises out of defects, deficiencies, inadequacies, or dangerous conditions in "your product" or "your work."

17.    The policy issued to the named insured by Plaintiff contains exclusion n., which excludes from coverage "[d]amages claimed for any loss, cost or expense incurred by you or others for the loss of use, . . . repair [or] replacement . . . of . . . "[y]our work . . . if such . . . work or property is withdrawn . . . from use . . . because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it."

18.    Seamasters Owners Association, Inc. filed an action against Donnie H. Stewart, Inc. which is pending in the Horry County Court of Common Pleas styled as follows: Seamasters Owners Association, Inc. vs. Atlantic Systems & Awnings, Inc. and Donnie H. Stewart, Inc., Civil Action number 2009-CP-26-12206 ("the Seamasters case").  All of the allegations of the Complaint in the underlying Seamasters case are incorporated herein by reference.

19.    A Place At The Beach Ocean Front II Condos filed an action against Donnie H. Stewart, Inc. which is pending in the Horry County Court of Common Pleas styled as follows:  A Place At The Beach Ocean Front II Condos vs. Donnie H. Stewart, Inc., Atlantic Systems & Awnings, Co., and Christos Kotsovos, Owner and Individually, Civil Action number 2010-CP-26-1616 ("the A Place At The Beach case").  All of the allegations of the Complaint in the underlying case A Place At The Beach case are incorporated herein by reference.

20.    In relevant part, the underlying Complaints allege that Donnie H. Stewart, Inc. entered into contracts with the plaintiffs in the Seamasters and A Place At The Beach cases (collectively "underlying cases") to install aluminum railing and apply powder coating to the railing, either by performing the work itself of through subcontractors.

21.     The railings were to be powder coated to keep them from rusting.  Donnie H. Stewart, Inc. was responsible for applying the powder coating and warranted the powder coating through a 10-year warranty which expressly covered the powder coating.

22.     The underlying Complaints allege that the powder coating was defective in that it has become degraded and is flaking and Donnie H. Stewart, Inc. has failed or refused to make repairs to the powder coating under warranty.

23.     In the Seamasters case, the plaintiff is seeking to certify a class action with regard to the railings installed by Donnie H. Stewart, Inc. and supplied by Atlantic Systems & Awnings, Inc.

24.     The Plaintiffs in the underlying cases are seeking damages for the cost of repairing and/or replacing the defective railing which Donnie H. Stewart, Inc. installed, and for associated loss of use.

## FOR A FIRST DECLARATION

25.     The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 24 as if fully set forth herein verbatim.

26.     Donnie H. Stewart, Inc. is not an insured under the policy issued to the named insured by Plaintiff.

27.     Therefore, the Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage to Donnie H. Stewart, Inc.

## FOR A SECOND DECLARATION

28.     The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 27 as if fully set forth herein verbatim.

29.     Some or all of the damage alleged in the underlying cases does not constitute "property damage" as defined in the commercial general liability policies issued by the Plaintiff.

30.     Therefore, the Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage for the alleged damage in the underlying case to the extent it does not constitute "property damage."

## FOR A THIRD DECLARATION

31.     The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 30 as if fully set forth herein verbatim.

32.     Defective workmanship performed by the insured is not caused by an "occurrence" as defined in the policy.

33.     Some or all of claims for damage in the underlying Complaints are for work that was simply improperly performed.

34.     Therefore, Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage for defective work performed by the named insured.

## FOR A FOURTH DECLARATION

35.     The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 34 as if fully set forth herein verbatim.

36.     Liability for the alleged breaches of contract or express warranty in the underlying cases is not for tort liability which a liability policy is intended to cover.

37.     Therefore, the Plaintiff is entitled to a declaration that the above-referenced policies do not provide coverage for the alleged breaches of contract or warranty.

6

## FOR A FIFTH DECLARATION

38.     The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 37 as if fully set forth herein verbatim.

39.     Liability for the alleged property damage in the underlying cases is excluded by the "Your Product" exclusion (exclusion k.), regardless of whether the work was performed by Donnie H. Stewart, Inc., Stewart Construction, Inc. of South Carolina, or their subcontractors.

40.     Therefore, the Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage for the alleged damage in the underlying case.

## FOR A SIXTH DECLARATION

41.     The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 40 as if fully set forth herein verbatim.

42.     Liability for the alleged property damage in the underlying cases is excluded by the "Your Work" exclusion (exclusion l.), regardless of whether the work was performed by Donnie H. Stewart, Inc., Stewart Construction, Inc. of South Carolina, or their subcontractors.

43.     Therefore, the Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage for the alleged damage in the underlying case.

## FOR A SEVENTH DECLARATION

44.     The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 43 as if fully set forth herein verbatim.

45.     Liability for the alleged property damage in the underlying cases is excluded by the "Impaired Property" exclusion (exclusion m.), regardless of whether the work was performed by Donnie H. Stewart, Inc., Stewart Construction, Inc. of South Carolina, or their subcontractors.

46.    Therefore, the Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage for the alleged damage in the underlying case.

**FOR A EIGHTH DECLARATION**

47.    The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 46 as if fully set forth herein verbatim.

48.    Liability for removal of Donnie H. Stewart, Inc.'s allegedly defective work to access and assess damage to underlying building components is excluded by the n. exclusion.

49.    Therefore, the Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage for faulty work, whether performed by Donnie H. Stewart, Inc., Stewart Construction, Inc. of South Carolina, or their subcontractors, which must be removed or replaced as access costs.

**FOR A NINTH DECLARATION**

50.    The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 49 as if fully set forth herein verbatim.

51.    The Plaintiff is entitled to a declaration that Plaintiff has no duty to indemnify Donnie H. Stewart, Inc. in the underlying case because there is no coverage for liability for the damage alleged in the underlying cases.

**WHEREFORE**, Plaintiff requests that this honorable Court inquire into these matters and declare that the policy does not provide coverage for the damages alleged to have been caused by the acts of Donnie H. Stewart, Inc., that the Plaintiff is not liable to Donnie H. Stewart, Inc. for a damages verdict rendered against it, and does not owe payment of any indemnity or insurance proceeds to Donnie H. Stewart, Inc., together with its costs and disbursements incurred and such other and further relief as the court may deem just and proper.

Respectfully submitted,

MURPHY & GRANTLAND, P.A.

s/ Timothy J. Newton, Esquire
J. R. Murphy, Esquire (Fed. I.D. #3119)
Timothy J. Newton, Esquire (Fed. I.D. #9807)
4406-B Forest Drive (29204)
Post Office Box 6648
Columbia, South Carolina 29260
(803) 782-4100

Attorneys for Plaintiff

Columbia, South Carolina
August 31, 2010