IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Builders Mutual Insurance Co., | ) | C/A No.: 4:10-2270-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Donnie H. Stewart d/b/a Stewart | ) | REPORT AND RECOMMENDATION |
| Construction of S.C., Stewart | ) | |
| Construction, Inc. of South Carolina, | ) | |
| Donnie H. Stewart, Inc., Seamasters | ) | |
| Owners Association, Inc. and A Place | ) | |
| At The Beach Ocean Front II Condos, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the court on Plaintiff's motion for judgment on the pleadings, or in the alternative, for summary judgment. [Entry #43]. The court held a telephonic hearing on the matter on October 25, 2011. Timothy J. Newton appeared on behalf of Plaintiff, and defendants did not appear. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e) (D.S.C.). Because this motion is dispositive, a report and recommendation is submitted for the district judge's consideration.

I.      Procedural and Factual Background

      A.      Procedural History

Plaintiff filed this declaratory judgment action to determine liability coverage for two underlying lawsuits filed in state court, one by Seamasters Owners Association, Inc. ("Seamasters") and another by A Place at the Beach Ocean Front II Condos ("A Place at

the Beach"). In its complaint, Plaintiff asserts that it is not liable under commercial general liability ("CGL") policy number CPP 0010783, incepted on May 9, 2002 and renewed annually through May 9, 2008, for damages associated with repairing and/or replacing allegedly defective railing installed by Donnie H. Stewart, Inc. or for associated loss of use.

Pursuant to a stipulation of dismissal filed by Plaintiff, Seamasters Owners Association is no longer a party to this action. [Entry #64]. Therefore, the only remaining issues relate to the underlying lawsuit filed by A Place At The Beach. [Entry #43-1 at 1]. Previously, counsel for A Place At The Beach appeared and filed a motion to be relieved as counsel, which the court denied without prejudice based on its failure to comply with Local Civil Rule 83.I.07 (D.S.C.). A Place At The Beach has not answered and, according to Plaintiff's counsel, has represented to counsel to Plaintiff that it is not planning on defending this action, but will pursue its recovery in the underlying lawsuit regardless of the existence of coverage. *Id.* Donnie Stewart filed a pro se Answer that purported to be filed on behalf of himself, Stewart Construction, Inc. of South Carolina, and Donnie H. Stewart, Inc. [Entry #1]. However, on November 23, 2010, the court advised Stewart that corporate entities must be represented by a licensed attorney and that his pro se answer is not considered a response on behalf of the corporate entities. Although the Stewart corporate entities were permitted 30 days to obtain counsel, they have yet to make an appearance in this action. The Clerk of Court entered default as to

Stewart Construction, Inc. of South Carolina, Donnie H. Stewart, Inc., and A Place at the Beach on October 3, 2011.

Plaintiff filed its motion for summary judgment on March 4, 2011. [Entry #43]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised pro se defendant Stewart of the summary judgment procedures and the possible consequences if he failed to respond adequately to Plaintiff's motion. [Entry #44]. No defendant filed a response in opposition to Plaintiff's motion. Having carefully considered the parties' submissions and the record in this case, the court recommends granting Plaintiff's motion for summary judgment.

B.   Underlying Facts

Plaintiff insured Stewart Construction of S.C. for damages because of "bodily injury" or "property damage" under the CGL policy at issue. "Property damage" is defined in relevant part as: "Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it . . . ." CGL Policy at 26 [Entry #69]. In the underlying state-court action, A Place At The Beach alleges that on August 4, 2004, it contracted with Donnie H. Stewart, Inc.,[1] "to remove the wooden handrails on forty three (43) units,

---

1 It does not appear that Donnie H. Stewart, Inc. is an insured under the relevant policy. *See generally*, CGL Policy [Entry #69]. However, because Plaintiff appears to concede that Donnie H. Stewart, Inc. was its insured for the purposes of its motion [Entry #43-1 at 5], the undersigned assumes, without deciding, that Donnie H. Stewart, Inc. is an insured under the policy.

decks, and ends of all hallways and replace them with aluminum handrails." [Entry #43-2 at ¶ 7]. Donnie H. Stewart, Inc. purchased the handrails from a third party, which is not a party to this action, and installed them. *Id*. at ¶¶ 8–10. Around August 2007, it was noticed that "the handrails started showing evidence of general degradation in that the powder coating started coming off, and there is flaking at random points throughout on the aluminum handrails." *Id*. at ¶ 11. A Place at the Beach demanded that Donnie H. Stewart, Inc. repair or replace the defective handrails under warranty, but the repairs were not made. *Id*. at ¶¶ 12–17. A Place At the Beach asserted claims for negligence and breach of warranty in the underlying action. The negligence claim is for:

  i.    failing to properly construct the aluminum handrails in a manner that was free from defects;
  ii.   failing to provide aluminum handrails that would not show evidence of a general degradation in the powder coating and flaking throughout; and in this declaratory judgment action.
  iii.  failing to respond to the Plaintiff and honor the ten (10) year warranty and repair the damage caused by improper powder coating on the aluminum railings.

*Id*. at ¶ 21. Plaintiff alleges that A Place At The Beach's claim is not covered under CGL coverage, because the claim does not constitute "property damage" under the policy. *See* Compl. at ¶¶ 12–15.

II.  Discussion

  A.  Standard of Review

Parties are permitted to make a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure "[a]fter the pleadings are closed—but early

enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). Because only Donnie H. Stewart has filed an answer in this case and the pleadings are therefore not closed, the court reviews the motion under a summary judgment standard.

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or

unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

  B. Analysis

  The issue before the court is whether the CGL policy covers the damages asserted by A Place at the Beach, namely the cost of repair and/or replacement of the handrails. South Carolina courts have unanimously held that claims for faulty work that was performed in a defective manner and must be repaired or replaced are not covered. *C.D. Walters Constr. Co., Inc. v. Fireman's Ins. Co. of Newark, N.J.*, 316 S.E.2d 709, 721 (S.C. Ct. App. 1984) (holding that CGL policies do not cover faulty workmanship, but rather faulty workmanship which causes an accident); *Century Indem. Co. v. Golden Hills Builders, Inc.*, 561 S.E.2d 355, 358 (S.C. 2002) (holding that CGL policies are not intended to insure business risks, but consequential risks that stem from the work and which cause damage to property other than to the completed work itself); *L-J, Inc. v. Bituminous Fire & Marine Ins. Co.*, 621 S.E.2d 33, 36 (S.C. 2005) (holding that claims for faulty work alone are not covered because they do not constitute an "occurrence" within the meaning of the insuring agreement); *Auto*

*Owners Ins. Co. v. Newman*, 684 S.E.2d 541, 544 (S.C. 2009) (holding that negligent application of stucco alone does not constitute an "occurrence" unless it causes damage to other property); *Crossmann Cmtys. of N.C., Inc. v. Harleysville Mut. Ins. Co.*, No. 26909, 2011 WL 3667598, *4 (S.C. 2011) (finding that "negligent or defective construction resulting in damage to otherwise non-defective components may constitute 'property damage,' *but the defective construction would not*" and that "it is only after 'property damage' has been alleged that the question of 'occurrence' is reached.") (emphasis added).

In the instant case, there is no indication that the underlying action alleges "property damage," as there are no allegations of damage to otherwise non-defective components. Instead, the only alleged damage is to the handrails themselves. Therefore, the underlying claim is purely for faulty workmanship.  Without an allegation of "property damage," the court need not reach the question of an "occurrence" before concluding that the damages alleged in the underlying case are not covered by the CGL policy issued by Plaintiff. Therefore, because it is undisputed that no "property damage" under the CGL policy has been alleged, it is recommended that Plaintiff be granted summary judgment in this matter.

III.    Conclusion

For the foregoing reasons, it is recommended that Plaintiff's motion for summary judgment [Entry #43] be granted as to all remaining defendants.

IT IS SO RECOMMENDED.

October 27, 2011                                   Shiva V. Hodges
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**